## MASON *v.* POULALLIER.

The verdict of the jury was against the principal in an injunction bond, and did not include the surety; but the judgment of the court was against the surety also. *Held:* That the surety was not, on this account, entitled to a reversal. The surety is considered by the statute in the light of a plaintiff in the injunction suit.

In assessing damages against the plaintiff in injunction, the judge is authorized to allow an amount up to twenty per cent. without proof; beyond that, there must be proof of the damage.

APPEAL from the First District Court of New Orleans.
    *G. & C. E. Schmidt*, for plaintiff and appellant:

We beg leave further to observe, that by the provisions of Art. 519, C. P., the jury possess the right of giving a general verdict determining both the facts and the law of the case; but this is a general verdict, which does not condemn *Coeler*, the security, to pay any thing.   The judge, therefore, was evidently guilty of an error in condemning *Coeler* to pay the damages assessed against the plaintiff, whatever they were, since the verdict decrees nothing against *Coeler*.

It may be contended that the law condemns the principal and surety in solido to pay the damages assessed against the party who has wrongfully obtained an injunction, and that therefore the court did nothing more than apply the law to the facts of the case as found by the jury. This, however, we think it erroneous, because the acts of the legislature decreeing the payment of damages in like cases, have drawn a distinction between the case when the *defendant* in execution sues out an injunction, and where a *third party* resorted to the same remedy, and have enacted that in the former case the plaintiff in injunction and his surety *shall* be condemned in solido, while in the latter case they only say they *may* be, thereby evidently leaving the matter to the discretion of the court or jury that may try the case. Acts of 1831, page 102, sec. 3; Acts of 1833, p. 93, sec. 3.

Inasmuch as the jury in the above cause gave no verdict against *Coeler*, it is evident that no judgment could have been rendered against him. And we further respectfully contend that the verdict is a mere nullity, having failed to determine two important issues in the cause, to wit: 1st, the amount on which the damages and interest were to be paid; 2d, the extent of the liability of *Coeler*, the security. See *Garland* v. *Davis*, 4 Howard, U. S. R. 131; *Heyward* v. *Brunett*, 3 Brevard, 113; *Harman* v. *Childress*, 3 Yerger, 327.

*Goold & Stansbury*, for defendant:

SLIDELL, C. J. The examination of the evidence has not satisfied us that the jury erred in their conclusions upon the question of fraud and simulation.

It is suggested as error that the judgment includes the surety in the injunction bond, although the principal only is named in the verdict. The surety is considered by the statute in the light of a party plaintiff in the suit. See Acts of 1831, p. 102; 1833, p. 93. The mere discrepancy between the verdict and judgment in such a case is not, in our opinion, a sufficient ground for reversal in favor of the surety, who is one of the appellants.

We think, however, the appellants rightfully complain as to the amount of damages allowed.

The judgment below allowed twenty per cent. damages on the amount of the judgment enjoined, and $100 counsel fees. It does not appear that proof of damages was adduced, except as to counsel fees. Up to the amount of twenty per cent. the judge is authorized by the statute to assess damages without proof; (*Brown* v. *Lambeth*, 2 Annual, 822;) but, in order to allow damages beyond that amount, there should be evidence that the defendant in injunction has sustained damages beyond that amount. It was so ruled in *Wilcox* v. *Bundy*, 13 Louisiana, 381, in which the court remarked as follows: "On dissolving an injunction in this case, the judge condemned the plaintiff and his surety to pay twenty per cent. damages, ten per cent. interest, and fifty dollars counsel fees, which it was proved the defendant would be obliged to pay in consequence of the injunction obtained by the plaintiff. The law of the 25th March, 1831, provides that in case the injunction be dissolved, the court in the same judgment shall condemn the plaintiff and surety, jointly and severally, to pay to the defendant interest at the rate of ten per cent. per annum on the amount of the judgment, and not more than twenty per cent. as damages, unless damages to a greater amount be proved. It does not appear that any proof was administered except as to the counsel fees. If a greater sum than twenty per cent. was allowed, proof of damages to a sum exceeding that amount should have been made under the statute. The sum of fifty dollars is therefore disallowed. The judgment is therefore reversed so far as relates to that sum, and confirmed as to the residue."

The affidavit did not make such a showing under the circumstances of the case as would authorize us to say the judge erred in refusing a new trial.

<div style="margin-left:margin">
MASON
*v.*
POULALLIER
</div>

It is therefore decreed, that the judgment be amended by striking out the allowance of $100 for counsel fees, and by allowing as damages under the statute the sum of $273 95, and that, so amended, the judgment be affirmed —the costs of the appeal to be paid by the appellee, *Sarah Poulallier.*